```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
_____

DEVIN FORD,                         )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )    No. 23-2128-TLP-tmp
                                    )
PROFESSIONAL CREDIT MANAGEMENT      )
INC.,                               )
                                    )
     Defendant.                     )
_____

                      REPORT AND RECOMMENDATION
_____
```

On June 1, 2023, the undersigned entered an Order to Show Cause directing *pro se* plaintiff Devin Ford to file a written statement explaining why he had failed to appear for two scheduling conferences and to state whether he intends to pursue his case. Ford failed to respond. For the reasons below, the court *sua sponte* recommends that Ford's complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### I.   PROPOSED FINDINGS OF FACT

On May 18, 2023, the undersigned held a scheduling conference at 10:00 a.m. in Courtroom 6. Attorney Kyle Logan Singleton, counsel for defendant Professional Credit Management, Inc. ("PCM"), appeared by telephone, but Ford failed to appear. The undersigned entered an order resetting the scheduling conference

for June 1, 2023. (ECF No. 17.) In that order, the undersigned stated, "Ford is ordered to appear in person and is warned that failure to appear could result in sanctions including dismissal of his case for lack of prosecution." (Id. at PageID 25.)

On June 1, 2023, the undersigned held a second scheduling conference at 10:00 a.m. in Courtroom 6. Attorney Singleton appeared by telephone, but Ford again failed to appear. The court entered an Order to Show Cause that instructed Ford to "file a written statement to show cause why he has failed to appear for two scheduling conferences and to state whether he intends to pursue this case" by the end of business on June 12, 2023. (ECF No. 19 at PageID 28.) The court warned Ford that "[s]hould Ford fail to timely file his statement, the undersigned will enter a Report and Recommendation recommending that this case be dismissed with prejudice for lack of prosecution." A copy of the order was mailed to Ford at his address on record with the court. Despite the court's warning, however, Ford did not file any statement in compliance with the order.

## II.   PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court. . . ." Fed. R. Civ. P.

41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005).

The court submits that Ford's complaint should be dismissed with prejudice for failure to prosecute. First, Ford's failure to prosecute his case is a result of willfulness and bad faith. Ford has failed to comply with multiple court orders, including the June 1 Order to Show Cause that was sent to him both electronically

and by mail. Second, PCM has suffered prejudice by Ford's conduct by being prohibited from moving forward with the litigation and expending resources for their counsel to appear for two scheduling conferences. Third, Ford was warned by two separate written orders that failure to engage in the litigation would result in the dismissal of his case. In the May 18, 2023 Order resetting the scheduling conference, the undersigned warned Ford that failure to appear "could result in sanctions including dismissal of his case for lack of prosecution." (ECF No. 17 at PageID 25.) He was also warned in the June 1 Order to Show Cause that failure to comply with the order would result in the undersigned recommending that the case be dismissed with prejudice. (ECF No. 19 at PageID 28.) Finally, although the court has carefully considered imposing less drastic sanctions, it is submitted that under the facts of this case, no sanction short of dismissal will cure Ford's failure to prosecute this matter.

### III. RECOMMENDATION

For the reasons above, it is recommended that Ford's complaint be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM

- 4 -

Chief United States Magistrate Judge

<u>July 24, 2023</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**