IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEVIN FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:23-cv-02128-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| PROFESSIONAL CREDIT ) | |
| MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Pro se Plaintiff Devin Ford ("Plaintiff") sued Professional Credit Management, Inc. ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (ECF No. 1.) On June 1, 2023, Chief Magistrate Judge Pham entered an Order to Show Cause directing Plaintiff to file a written statement explaining why he had failed to appear for two scheduling conferences and to state whether he intends to pursue his case. Plaintiff failed to respond. Then Chief Magistrate Judge Pham entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's Complaint for failure to prosecute. (ECF No. 20.) For the reasons below, the Court **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On May 18, 2023, Chief Magistrate Judge Pham held a scheduling conference. Attorney Kyle Logan Singleton, counsel for Defendant, appeared by telephone, but Plaintiff failed to

appear.  Judge Pham then reset the scheduling conference for June 1, 2023, ordered Plaintiff to appear in person, and warned him "that failure to appear could result in sanctions including dismissal of his case for lack of prosecution."  (ECF No. 17 at PageID 25.)  On June 1, 2023, Judge Pham held a second scheduling conference, but Plaintiff again failed to appear.  Judge Pham then entered an Order to Show Cause instructing Plaintiff to "file a written statement to show cause why he has failed to appear for two scheduling conferences and to state whether he intends to pursue this case" by the end of business on June 12, 2023.  (ECF No. 19 at PageID 27–28.)  Judge Pham also warned Plaintiff that if he failed to file that statement timely, the Court would "enter a Report and Recommendation recommending that this case be dismissed with prejudice for lack of prosecution."  (*Id.*)  A copy of the Order was mailed to Plaintiff at his address on record with the Court.  Despite Judge Pham's warning, however, Plaintiff filed nothing in response to the Order.

## **LEGAL STANDARD**

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court."  Fed. R. Civ. P. 41(b).  A Rule 41(b) dismissal "operates as an adjudication upon the merits."  *Id.*  The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Judge Pham entered his R&R in late July 2023 and Plaintiff filed no objections.  The time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION

Finding no clear error, the Court agrees with Judge Pham's analysis and his conclusion in the R&R.  The Court therefore **ADOPTS** the R&R.  The Sixth Circuit has articulated four factors for courts to consider in deciding whether dismissal for failure to prosecute is warranted: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).  With these factors in mind, the Court finds that Plaintiff's Complaint should be dismissed with prejudice for failure to prosecute.

First, Plaintiff's failure to prosecute his case comes from willfulness and bad faith.  Plaintiff has ignored multiple court settings and orders, including the June 1st Order to Show Cause that the Court sent to him both electronically and by regular mail.  Of course, the Court used the addresses on file in the Court Clerk's office.  Our Local Rules require litigants to make

sure the Clerk's office has a current address.[1]  If Plaintiff did not receive these mailings, it is his fault.

Second, Defendant has suffered prejudice resulting from Plaintiff's conduct.  Plaintiff's failure to appear at settings and responding to orders has delayed the case and prevented Defendant from moving forward with the litigation.  Defendant has also expended resources by having their lawyers appear for two scheduling conferences.

Third, the Court warned Plaintiff in two written orders that his failure to engage in the litigation would result in the dismissal of his case.  In the May 18, 2023, order resetting the scheduling conference, Judge Pham warned Plaintiff that failure to appear "could result in sanctions including dismissal of his case for lack of prosecution."  (ECF No. 17 at PageID 25.)  Judge Pham also warned Plaintiff in the June 1st Order to Show Cause that failure to comply with the Order would result in Judge Pham recommending that the case be dismissed with prejudice.  (ECF No. 19 at PageID 28.)

Finally, although the Court has thought about imposing less drastic sanctions here, no sanction short of dismissal will cure Plaintiff's failure to prosecute this matter.  For these reasons, Plaintiff's complaint should be dismissed.

## CONCLUSION

The Court has reviewed Chief Magistrate Judge Pham's R&R for clear error and finds none.  The Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

---

[1] "It is the responsibility of all E-Filers (full bar and pro hac vice members) to notify the Clerk's Office about a change of name, address, phone, or facsimile phone in a timely manner.  The notice must be in writing and may be submitted either by mail, facsimile, or e-mail to intaketnwd@tnwd.uscourts.gov."  ECF Policies and Procedures, § 3.4 Registration, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed 2/12/24).

**SO ORDERED**, this 12th day of February, 2024.

                                                            s/Thomas L. Parker
                                                       THOMAS L. PARKER
                                                       UNITED STATES DISTRICT JUDGE